IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALEXIS BURT )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES WILLIAM MCFARLAND, )<br>JR., in his Individual Capacity, and )<br>JUDSON COLLEGE, )<br>)<br>Defendants. ) | CIVIL ACTION NO.: 7:18-cv-01799-LSC<br><br>JURY DEMAND<br><br>*FILED UNDER SEAL* |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through her undersigned counsel, and amends her Complaint against the above-named Defendants and states unto the Court as follows:

## I.   NATURE OF ACTION

1. This is an action for injunctive relief and damages against the Defendants for discrimination on the basis of sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq, and pendant state law claims.

## II.   PARTIES

2. Plaintiff, Alexis Burt, ("Burt") is an adult resident of Jefferson County, Alabama, and was a student at Judson College during the relevant time periods.

3. Defendant James William McFarland, Jr. ("McFarland") is an adult resident of Tuscaloosa County, Alabama. McFarland was employed by Judson as the Special Assistant to the President for Business Development during the relevant time periods. Additionally, McFarland

1

has notoriety as a "Rising Republican Star" in the state of Alabama.[1] McFarland is being sued in his individual capacity.

4. Defendant Judson College ("Judson") is a private, Christian women's college located in Marion, Alabama, and is an entity subject to suit under Title IX.

## III. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to the Acts of Congress codified at U.S.C. §§ 1331, 1367, and Title IX. This suit is authorized and instituted pursuant to Title IX, and also asserts state law claims of invasion of privacy, outrage, negligent and/or wanton and malicious training, supervision and retention under Alabama law.

6. Venue is proper in the Northern District of Alabama, Western Division, as all Defendants are residents of Alabama and Defendant McFarland is a resident of Tuscaloosa County, Alabama.

## IV. FACTUAL AVERMENTS

7. Plaintiff adopts and re-alleges Paragraphs 1-6 above as if fully set forth full herein.

8. In May 2018, Burt was a full-time student at Judson.

9. On May 21, 2018, Judson held a luncheon to honor McFarland's service to the college.

10. In the evening of May 21, 2018, McFarland sent Burt a friend request on the social networking website Facebook. Burt included on her Facebook profile that she was a current student at Judson.

11. Immediately thereafter, McFarland sent Burt a private message asking her "want to make some cash."

---

[1] *See, e.g., Rising Republican Star: Billy McFarland*, Alabama Republican Party (July 27, 2013), https://algop.org/rising-republican-star-billy-mcfarland.

2

12. McFarland offered to pay Burt one thousand dollars ($1,000.00) per month if she would engage in "dom sub" roleplay. Additionally, McFarland offered to pay Burt a "cash starting bonus."

13. Burt replied to McFarland stating, "Wow, an influential man like yourself messaging for roleplay," to which McFarland replied, "Lol. At least I'm honest."

14. On May 22, 2018, Burt met with Judson's Senior Vice President and Dean of Students Susan Jones ("Dean Jones") to report McFarland's sexual harassment.

15. During the meeting, Dean Jones admitted to Burt that other students had reported sexual harassment by McFarland. Dean Jones alleged that McFarland had "resigned yesterday."

16. On May 22, 2018, McFarland sent Burt a private message on Facebook asking her again to consider a "role-play" arrangement with the offer of "I'll take care of you$."

17. McFarland continued to message Burt for two hours calling her derogatory terms such as "bitch," "slutpuppy," "fuckpig," "cunt," and "hoe."

18. McFarland described to Burt masochistic sexual practices that he wanted to use on her and commented on her genitalia.

19. McFarland informed Burt that it would be an "ongoing arrangement" and offered to pay Burt two thousand dollars ($2,000.00) dollars per month.

20. On May 24, 2018, Dean Jones sent an email to all students at Judson alleging that McFarland had resigned "last month."

21. Due to the trauma of the incident, Burt withdrew as a student from Judson in late May 2018.

## V. CAUSES OF ACTION

### A. COUNT ONE – TITLE IX

22. Plaintiff adopts and re-alleges Paragraphs 1-21 above as if fully set forth full herein.

23. This is a claim to redress unlawful discrimination on the basis of sex in violation of Title IX, 20 U.S.C. § 1681 et seq. against Defendant Judson.

24. At all times relevant hereto, Judson received federal funds.

25. While employed by Judson, McFarland harassed Burt on the basis of her sex. The harassment was unwelcome and was sufficiently severe and pervasive so as to alter the condition of her education and create a sexually hostile educational environment. The sexual harassment Burt endured undermined and detracted from Burt's educational experience, so that she was effectively denied equal access to educational resources and opportunities.

26. Dean Jones as the Dean of Students had the authority to address the alleged sexual harassment and to institute corrective measures to end it.

27. Dean Jones had actual and constructive knowledge of McFarland's sexual harassment of Burt and other students.

28. Dean Jones acted with deliberate indifference to the sexual harassment when she failed to take prompt remedial action despite her duty to stop the sexual harassment.

29. Through the acts of its agent Dean Jones, Judson acted with deliberate indifference to the sexual harassment by failing to take prompt remedial action.

30. Upon learning of the sexual harassment, Judson acted with deliberate indifference to the sexual harassment by failing to take prompt remedial action.

31. By knowingly permitting the hostile environment to exist, Judson discriminated against Burt in violation of Title IX.

32. Judson had the authority to initiate corrective measures in regard to the harassment but failed to do so.

33. Judson was deliberately indifferent to McFarland's conduct.

34. Because of the sexual harassment and Judson's failure to appropriately handle the complaint of sexual harassment, Burt has suffered severe emotional distress, embarrassment, and humiliation.

**B.     COUNT TWO – INVASION OF PRIVACY**

35. Plaintiff adopts and re-alleges Paragraphs 1-34 above as if fully set forth full herein.

36. This claim is brought against Defendant McFarland, individually, and Defendant Judson.

37. McFarland invaded the privacy of Burt by, among other things, using sexually abusive, profane, insensitive and unprofessional language towards Burt.

38. Because of such conduct, Burt suffered severe emotional distress, embarrassment, and humiliation.

39. Defendants acted with malice and/or reckless indifference toward Burt.

**C.     COUNT THREE – OUTRAGE**

40. Plaintiff adopts and re-alleges Paragraphs 1-39 above as if fully set forth full herein.

41. This claim is brought against Defendant McFarland, individually, and Defendant Judson.

42. McFarland has outrageously and intentionally inflicted emotional distress upon Burt by, among other things, using sexually abusive, profane, insensitive and unprofessional language towards Burt.

43. McFarland's conduct was extreme, outrageous, and beyond the boundaries of decency in a civilized society.

44. Judson authorized, ratified and/or condoned its agent's actions which caused Burt's severe emotional distress.

45. Judson had actual knowledge of McFarland's conduct, knew or should have known such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

46. Because of such conduct, Burt suffered severe emotional distress, embarrassment, and humiliation.

47. Defendants acted with malice and/or reckless indifference toward Burt.

### D. COUNT FOUR – NEGLIGENT AND/OR WANTON AND MALICIOUS TRAINING, SUPERVISION AND RETENTION

48. Plaintiff adopts and re-alleges Paragraphs 1-47 above as if fully set forth full herein.

49. This claim is brought against Defendant Judson.

50. Judson, through its agents, maliciously, deliberately, wantonly and/or negligently retained McFarland and failed to supervise, monitor and/or train its employees and, as a result, Burt suffered from the illegal treatment described in this complaint.

51. Judson was negligent and/or wanton in supervising, training, and/or retaining McFarland in that Judson knew, or should have known, that McFarland was engaging in sexual harassment against Burt.

52. Judson negligently retained McFarland after Burt reported his sexually harassing conduct. By its action, Judson ratified and/or condoned McFarland's harassment of Burt.

53. Judson had actual knowledge of McFarland's conduct, knew or should have known such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

54. Judson retained McFarland as an employee after it had knowledge of McFarland's sexually harassing conduct.

55. Judson failed to adequately remedy the situation regarding the harassment of Burt by McFarland.

56. Because of such conduct, Burt suffered severe emotional distress, embarrassment, and humiliation.

57. Judson acted with malice and/or reckless indifference toward Burt.

## VI. DAMAGES

58. Burt has suffered embarrassment, humiliation, shame, mental distress, emotional pain and anguish as a consequence of Defendants' unlawful conduct.

59. Burt has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

60. Burt is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexis Burt, respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a permanent injunction enjoining Defendant Judson, their agents, successors, employees, attorneys and those acting in concert with Defendant Judson and Defendant Judson's requests from continuing to violate 20 U.S.C. § 1681 et seq. (Title IX").

2. Enter an Order requiring Defendants to make Plaintiff whole by awarding her compensatory damages, punitive damages[2], and nominal damages.

3. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

_/s/ Ashley R. Rhea_
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 533-1260
Email: arhea@rhealawllc.com

---

[2] Plaintiff only seeks punitive damages against Defendant McFarland.

8

**DEFENDANTS' ADDRESSES:**
Judson College
c/o Scott Bullard, Interim President
302 Bibb Street
Marion, Alabama 36756

J. William McFarland, Jr.
8714 Forrestal Drive NE
Tuscaloosa, AL 35406